IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:19-CR-00016-KDB-DSC-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| DANIEL SANTILLAN, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant's *pro se* motion for compassionate release and reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018. (Doc. No. 22). Defendant seeks compassionate release arguing he faces a heightened risk of contracting COVID-19 while incarcerated at FCI Butner Medium I[1] and that, due to his medical conditions, he faces a heightened risk of a severe case of COVID-19 or possibly death if he were to contract the virus. *Id*. Because Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c), the Court will deny his motion.

In Defendant's Presentence Report, which was filed in May of 2019, Defendant described his physical health as good and stated that he is not under the care of a physician or prescribed any medicine. (Doc. No. 13, ¶ 50). Defendant now claims to be obese, have Type 2 diabetes, acute respiratory infection, cellutis and allergic rhinitis. (Doc. No. 22 at 6). Defendant provided medical records from the BOP which indicate that on February 2, 2021, Defendant was transferred and

---

[1] According to the Bureau of Prison's (BOP) website, FCI Butner Medium I currently has zero inmates and zero staff with confirmed active cases of COVID-19. There have been 9 inmate deaths, no staff deaths and 124 inmates have recovered and 81 staff have recovered. Additionally, at the Butner complex, 1,149 staff have been fully inoculated and 3,116 inmates have been fully inoculated.

admitted to Scotland Memorial Hospital complaining of shortness of breath and chest and abdominal pain. (Doc. No. 23, at 99). The emergency room evaluation showed evidence of acute hypoxic respiratory failure with evidence of pneumonia and possible acute cholecystitis. *Id*. Defendant was treated and discharged from the hospital on February 4, 2021, with discharge notes indicating that the acute hypoxic respiratory failure had been resolved, severe sepsis ruled out, and acute cholecystitis shows significant improvement. *Id*. at 99, 100. Defendant was placed on various medications and to take them for the next 8 days as an outpatient with a follow-up in a week. *Id*. at 100, 128-129. Furthermore, Defendant has had numerous follow-ups with BOP Health Services which indicate that pneumonia has been resolved, abdominal pain is resolved and he continues to take properly prescribed medications. (Doc. No. 23).

On April 9, 2021, records show that Defendant tested negative for COVID-19 after being placed in quarantine. *Id*. at 11, 12. However, on June 17, 2021, Defendant tested positive but recovered. *Id*. Defendant expresses concern about a negative reaction to receiving the vaccine, but nothing in the medical records reflects professional concern with him receiving the vaccine. Despite his professed fears relating to contracting COVID-19 while incarcerated, Defendant refused the COVID-19 vaccine offered by the BOP on April 6, 2021. (Doc. No. 24, Exhibit 2). In so doing, Defendant declined the opportunity to reduce his risk of exposure to COVID-19 dramatically. He cannot reasonably expect that prolonging his risk of COVID-19 exposure by declining vaccination will be rewarded with a sentence reduction. *See, e.g., United States v. Williams,* No. CR1701279001PHXDLR, 2021 WL 321904, at *3 (D. Ariz. Feb. 1, 2021) ("Defendant's own behavior [in refusing vaccination] is inconsistent with his position that he believes he is at increased risk from the virus."). If Defendant were to receive the vaccine, it would substantially mitigate his risk of COVID-19 infection and likely eliminate the basis for his

compassionate release motion. "Although defendant has a right to refuse medical treatment, the Court finds that it would be inappropriate to reward [his] refusal to protect [himself] by granting [his] release. It would be paradoxical to endorse a system whereby a defendant could manufacture extraordinary and compelling circumstances for compassionate release by unreasonably refusing the health care afforded to them." *United States v. Gonzalez Zambrano*, No. 18-CR-2002-CJW-MAR, 2021 WL 248592, at *5 (N.D. Iowa Jan. 25, 2021); *see also United States v. Lohmeier*, No. 12 CR 1005, 2021 WL 365773, at *2 (N.D. Ill. Feb. 3, 2021) ("Of course, were Mr. Lohmeier to substantially mitigate his risk of further COVID-19 infection, that would eliminate the predicate for his compassionate release motion. If that is the gambit, it fails."). Accordingly, Defendant cannot establish an "extraordinary and compelling" reason for compassionate release based on his concerns about contracting the virus. As such, Defendant's Motion will be denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion for compassionate release and reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), (Doc. No. 22), is **DENIED**.

**SO ORDERED**.

Signed: December 7, 2021

Kenneth D. Bell
United States District Judge